UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE RIDDLE,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 1:12-CV-1680-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>Doc. 24 |

**I.     BACKGROUND**

In August 2013, this Court entered an order reversing the Agency's denial of benefits and remanding the case for further proceedings. Doc. 20. Judgement was entered in favor of Plaintiff against Defendant. Doc. 21. The parties then entered into a stipulation for the award of $5,019.80 in attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which the Court granted. Docs. 22-23.

On remand, the Social Security Administration (SSA) found that Plaintiff was eligible for past-due benefits of $179, 287.00. The SSA withheld $6,000.00 of the past-due benefits for payment of attorney's fees.

Plaintiff's instant motion requests $25,140.20 in attorney's fees under 42 U.S.C. § 406(b), which would equal a combined fee of $30,160.00 when considered in conjunction with the EAJA award. Doc. 24. The government filed a statement of non-opposition. Doc. 25.

**II.     DISCUSSION**

The award of attorney's fees in social security cases is governed by 42 U.S.C. § 406. 42

U.S.C. § 406(b) imposes a 25% cap on the amount that can be awarded to an attorney for the representation of a claimant before the court. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). In assessing the reasonableness of a fee request, the district court should not start with the lodestar calculation, but with the contingent-fee agreement, and consider "'the character of the representation and the results the representative achieved.'" *Id*. at 1151 (*quoting Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). The lower court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id*. (*citing Gisbrecht*, 535 U.S. at 808).

Here, Plaintiff has attached 1) a valid contingency fee agreement between Plaintiff and her attorneys indicating that fees totaling up to 25% of past-due benefits would be sought; 2) a Notice of Award from SSA; and 3) a time sheet indicating 37.7 hours spent on this matter. The 25% contingency fee agreement is within the statutory limit and is reasonable considering the character of the representation and the results achieved. Plaintiff has requested a combined total of $30,160.00, which is less than 25% of her past-due benefits, which would be $44.821.75. There is no evidence of substandard performance – Plaintiff's counsel obtained a remand of the case. There is also no evidence of undue delay in litigating the case. Lastly, there is no evidence that the benefits are not in proportion to the time spent on the case. Although the amount results in a very high effective hourly rate of $800.00, the Court respects the "primacy of lawful attorney-client fee agreements." *See Gisbrecht*, 535 U.S. at 793. "Lodestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. The rate takes into account the inherent risk of contingent-fee cases. Hence, the Court finds that counsel's request for $30,160.00 is reasonable. Because counsel was previously awarded $5,019.80 in attorney's fees under the EAJA, the Court will award $25,140.20 in attorney's fees pursuant to 42 U.S.C. §

406(b).

**III.    ORDER**

    For the foregoing reasons, the Court awards $25,140.20 in attorney's fees pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

Dated:  **March 29, 2016**              **/s/ Sandra M. Snyder**
                                                                   UNITED STATES MAGISTRATE JUDGE